UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL–CIO, LOCAL 116, Petitioner-Appellant,

v.

AMERICAN MACHINE AND FOUNDRY CO., Respondent-Appellee.

No. 331, Docket 28440.

United States Court of Appeals
Second Circuit.

Argued March 9, 1964.

Decided March 9, 1964.

Jerome S. Rubenstein, New York City (Rubenstein & Rubenstein, New York City, on the brief), for petitioner-appellant.

William L. McGuire, New York City (Rogers, Hoge & Hills, New York City, on the brief), for respondent-appellee.

Before SMITH, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

Petitioner-appellant, a union local and respondent-appellee, an employer, in disagreement as to union rights concerning overtime under a collective bargaining agreement, each requested arbitration. After some disagreement as to the terms of a submission, the following text was agreed on:

"Under the terms and provisions of the current labor agreement and other written agreements, does the Company have the right to schedule and require employees to work sufficient and reasonable amounts of overtime and to discipline individual employees for refusing to work such overtime?"

The arbitrator's award was couched in the following terms:

"Under the terms and provisions of the current Labor Agreement and other written agreements, the Company has the right to schedule and require employees to work sufficient and reasonable amounts of overtime and to discipline individual employees for refusing to work such overtime, unless in any particular instance the individual employee has a justifiable, valid reason to excuse him from working the required overtime."

The union moved in the United States District Court for the Southern District of New York to vacate the award on grounds of partiality, bias, etc, and because the arbitrator exceeded the terms of the submission. The District Court, Irving Ben Cooper, District Judge, denied the motion and the union appeals. We find no error and affirm the judgment.

The claim appears technical in the extreme that the arbitrator, who might have answered the question submitted simply "yes" could not, out of an apparent excess of caution, add the limitation for the benefit of the employees, not objected to by the employer, "unless in any particular instance the individual employee has a justifiable, valid reason to excuse him from working the required overtime." Any bizarre application of the ruling in individual cases is of course subject to the review provided in the collective bargaining agreement.